# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

RACHEL VARNADOE, on behalf of
herself and those similarly situated,

    Plaintiff,

v.                                    CASE NO. 1:12cv247-SPM-GRJ

WIRELESS WIZARD, INC.,

    Defendant.

_____/

## O R D E R

The plaintiff has filed this putative collective action complaint on behalf of herself and similarly situated employees, seeking unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 216(b), against her employer, Wireless Wizard, Inc. Defendant has filed an answer.

The FLSA permits a plaintiff to bring a collective action on behalf of himself and others "similarly situated," and similarly situated employees must affirmatively opt-in by written consent to the court to be a plaintiff. 29 U.S. § 216(b); *see generally Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258-59 (11th Cir. 2008), *cert. denied*, 130 S. Ct. 59 (2009); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); Grayson *v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, 519 U.S. 982 & 987 (1996). The Eleventh Circuit has suggested a two-stage analysis for collective actions. *See Morgan*, 551 F.3d at 1260; *Hipp*, 252 F.3d at 1219. At the first stage, the "notice stage," the court determines, usually based only on the pleadings and submitted affidavits, whether to conditionally certify a collective action and issue notice to potential class members. *Hipp*, 252 F.3d at 1218 (internal marks omitted)*.* The court considers whether there are other employees who desire to opt-in and whether those employees are "similarly situated with respect to their job requirements and with regard to their pay provisions." *See Morgan*, 551 F.3d at 1259 (internal marks omitted).

The plaintiff has the burden to show "a reasonable basis" for claiming the existence of other similarly situated employees, *id.* at 1260 (internal marks omitted), and the court uses a "fairly lenient standard" to determine if the plaintiffs have met their burden to demonstrate that they are similarly situated, *Hipp*, 252 F.3d at 1218 (internal marks omitted). Although this is not a heavy burden and plaintiffs need only show that their positions are similar, not identical, the allegations must be supported by affidavits. *See id.* at 1219; *Grayson*, 79 F.3d at 1097. At the second stage, the court considers a defendant's "motion for decertification" and makes a factual determination on the similarly situated question, after which the case proceeds to trial either as a collective action or, if the class is decertified, trial proceeds solely on the claims of the original plaintiffs. *Morgan*, 551 F.3d at 1261. "[T]he existence of a collective action under § 216(b) depends on the active participation of other plaintiffs." *Id.* at 1259 (internal marks and alterations omitted).

Certification at an initial stage is important because "it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Id.*; *see also Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989) (holding that in managing collective actions, district courts have discretion, in appropriate cases, to facilitate notice to potential plaintiffs). Before exercising the discretion to facilitate notice, however, "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Because this cause of action is styled as a collective action, the court will proceed pursuant to this bifurcated certification procedure. The following deadlines shall apply:

1. Within 30 days of this order, plaintiff must file either (a) a motion for conditional certification, supported by affidavits, with any request for court-facilitated notice; or (b) an amended complaint re-styling the case to omit the "similarly situated" allegation if plaintiff chooses not to proceed with a collective action.[1]

---

[1] If plaintiff amends the complaint to omit the class allegation, the defendant should file an answer and an initial scheduling order will follow pursuant to the court's ordinary procedure.

Case No.: 1:12cv247-SPM-GRJ

2. Defendant shall respond to any motion for conditional certification within 14 days of the initial service, following which the court will make a threshold "similarly situated" determination.

3. If the threshold "similarly situated" standard is met, the court will issue a conditional certification granting the parties a 90-day discovery period limited to the "similarly situated" issue.

4. The deadline for filing a motion for decertification is 30 days after the discovery deadline. Responses to any such motion shall be filed within 14 days of the initial service. If the defendant moves for decertification, the court will make a more informed factual determination of similarity at that time.

5. Following disposition of the class certification issue, a separate scheduling order will be entered, and discovery on the merits will proceed thereafter.

**DONE AND ORDERED** this 27th day of December, 2012.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**